UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. WILLIAMS,

        Plaintiff,                  Case No. 1:22-cv-1153

v.                                      Hon. Robert J. Jonker

BATTLE CREEK POLICE
DEPARTMENT, *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

The lawsuit involves the alleged illegal search, seizure, and impounding of *pro se* plaintiff's vehicle. The gist of plaintiff's claim is that his vehicle was unreasonably searched and seized and then illegally towed and impounded for five days. During that time plaintiff was deprived of his vehicle (which was also his home) and prescription medication. Plaintiff sued the Battle Creek Police Department (BCPD), M&M Towing Service (M&M Towing), BCPD Officer Wirebaugh and an unknown party identified as "Craig ____" (the tow truck driver). This matter is now before the Court on plaintiff's Motion for default judgment against defendant M&M Towing pursuant to Fed. R. Civ. P. 55(b) (ECF No. 38).

        **I.**        **Discussion**

Plaintiff set forth the following allegations in his complaint. On October 12, 2022, he was sitting with Mr. Brown in the back seat of Mr. Davies' car in front of 130 Grove Street in Battle Creek. Compl. (ECF No. 1, PageID.6). Three BCPD squad cars approached them. Mr. Brown had an open intoxicant (beer). *Id*. The police handcuffed Davis, plaintiff and Brown as part of an investigative detention. *Id*. An officer stated that they received a call from a concerned

citizen that illegal activities may be taking place, noted an open beer in the car, and searched the car for "other contraband." *Id*.  The officer found nothing.  *Id*.

While in investigative detention, Officer Wirebaugh asked who owned a parked vehicle along the street (a Lincoln MKX).  *Id*.  Plaintiff responded.  *Id*. Officer Wirebaugh said that plaintiff's car had been "parked here over a week" and was abandoned.  *Id*. Plaintiff emphatically denied the allegation of abandonment, stating the he is homeless and lives in his vehicle.  *Id*.  Officer Wirebaugh did not obtain a search warrant, searched the vehicle, and found no contraband in the vehicle.  *Id*. at PageID.6-7.  Officer Wirebaugh told plaintiff that his vehicle did not have a valid plate, had not been registered in three years, and "that she was calling for a tow truck to seize and impound the unregistered vehicle."  *Id*.  Officer Wirebaugh did not issue plaintiff a ticket.  *Id*. at PageID.7. Plaintiff asked if there was any other alternative to having his vehicle towed and was told "NO".  *Id*.  The tow truck arrived and removed the vehicle to M&M.  *Id*. Plaintiff alleged that his vehicle was parked on public property, not presenting a hazard, and not in jeopardy of theft or damage if left at the scene.  *Id*. at PageID.9.  Plaintiff was not allowed to retrieve personal property from his vehicle.  This included his prescription medication.  *Id*. at PageID.10.  Plaintiff paid $392.00 to get the vehicle and his medication from M&M.  *Id*. at PageID.10-11.  In this regard, the M&M invoice consisted of: a $12.00 mileage charge; a $150.00 towing charge; a $180.00 storage charge; and, a $50.00 2nd towing charge.  *See* Invoice (ECF No. 1-1).

The Court construes plaintiff's complaint as alleging causes of action pursuant to 42 U.S.C. § 1983 for violation the Fourth Amendment and a violation of Michigan Constitution of 1963, Article 1, § 11 (Illegal Search and Seizure of personal property).  *See* Compl. at PageID.3,

2

6-11.[1]  Plaintiff seeks damages for the towing and storage fees for his vehicle, damages for pain and suffering, and punitive damages in the total amount of $50,000.00.  *Id*. at PageID.4, 10.

M&M Towing is the only defendant remaining in this lawsuit.  Plaintiff stipulated to the dismissal of his claims against defendants BCPD and Officer Wirebaugh.  *See* Stipulation (ECF No. 26).  The Court also dismissed defendant "Craig _____".  *See* Order (ECF No. 33).

The Clerk's Office entered a default against M&M Towing.  *See* Default (ECF No. 32).  Ultimately, plaintiff filed a motion for default judgment against M&M Towing (ECF No. 38), and the Court held an evidentiary hearing on the motion to determine the amount of damages.  *See* Fed. R. Civ. P. 55(b)(2)(B) and (D); Minutes (Feb. 22, 2024) (ECF No. 49).  At the hearing, plaintiff testified that he had to pay M&M Towing $392.00 to get his vehicle back from the impound lot. In addition, plaintiff had to get a new prescription from his doctor and pay $42.00 to replace the confiscated medicine.  Plaintiff had no other out of pocket expenses.[2]   Plaintiff seeks punitive damages because he was harassed by defendant's illegal actions.

"No formula exists to determine with precision compensatory damages.  The amount is left to the sound discretion of the fact finder" and "its determination need only be supported by some competent, credible evidence."  *Heard v. Finco*, 930 F.3d 772, 774-75 (6th Cir. 2019) (internal quotation marks omitted). "Punitive damages are appropriate in a § 1983 action when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves

---

[1] The Court notes that a tow truck driver can be a state actor for purposes of § 1983 when towing a vehicle at the direction of a law enforcement officer. *See Hensley v. Gassman*, 693 F.3d 681, 691-92 (6th Cir. 2012) (officers' command that tow-truck driver leave with car meant repossession amounted to state action); *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007) ("we think it clear that [the towing company] was a state actor when it initially towed and stored the vehicle at the behest of the sheriff's office as part of an official criminal investigation); *Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320, 1322 (9th Cir. 1982) (tow-truck operator who towed a vehicle "at the direction of a Los Angeles law enforcement officer" was a state actor).  As discussed, defendant M&M Towing did not contest its liability in this lawsuit.

[2] The Court notes that plaintiff was granted *in forma pauperis* status and represented himself.

reckless or callous indifference to the federally protected rights of others." *King v. Zamiara*, 788 F.3d 207, 216 (6th Cir. 2015) (internal quotation marks omitted).

Based on the Court record as supplemented by plaintiff's testimony, the Court finds that plaintiff is entitled to damages in the amount of **$1,434.00**: (1) $392.00 for the cost of retrieving his vehicle; (2) $42.00 for the cost of the new prescription; and, (3) $1,000.00 for pain and suffering which resulted from being deprived of his prescription medication, having to replace the medication, being deprived of his vehicle (in which he also lived), and having to find shelter. The Court finds no basis for an award of punitive damages.

## II.     RECOMMENDATION

Accordingly, I respectfully recommend that plaintiff's motion for default judgment (ECF No. 38) be **GRANTED** in the amount of **$1,434.00**.

Dated:  June 6, 2024                                 /s/ Ray Kent
                                                     RAY KENT
                                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).